Dye, J.
This article 78 proceeding was brought by this petitioner in behalf of himself and others similarly situated for an order in the nature of mandamus directing the defendants to *255 classify the incumbents of certain named positions (Director of Miscellaneous Taxes, Director of Corporation Tax, Director of Income Tax, Director of Motor Vehicle Inspection, and Confidential Investigator) to which they were appointed to fill vacancies, on a permanent basis after April 1, 1959, as being employed on a temporary basis in the exempt class pending an appointment, in accordance with the Civil Service Law and Rules; to conduct appropriate examinations for such positions, and upon establishment of eligible lists to forthwith terminate the services of such incumbents and proceed to fill the positions from the eligible lists.
The petitioner’s situation illustrates the problem. On and prior to July 30,1959 he held the exempt position entitled Director of Miscellaneous Taxes. On that date he was removed, and simultaneously another was appointed temporarily to fill the vacancy thus created.
Thereafter the commission conducted a study to evaluate the exempt position of Director of Miscellaneous Taxes, following which and on October 22, 1959 it adopted Resolution No. 136, subject to the approval of the Governor, recommending that certain exempt positions, including those here involved, be reclassified to the competitive class, and “ approved the filling of these positions in the exempt class under the present titles” (Civil Service Law, § 6). The positions were then filled by permanent appointment of the temporary incumbents. The Governor was then notified of the action with the statement that ‘ ‘ the present incumbents of the positions will * * * acquire status ”. The Governor gave his approval January 12, 1960 and Resolution No. 136 became effective February 4, 1960 upon being filed in the office of the Secretary of State (Civil Service Law, § 6, subd. 1; Matter of Weeks v. Kraft, 147 App. Div. 403, appeal dsmd. 205 N. Y. 585).
The petitioner contends that, when the defendants made permanent the appointments of the temporary incumbents of the exempt class positions, recommended for reclassification with competitive class, they violated the provisions of the Civil Service Law (§ 41, subd. 2, as amd. by L. 1958, ch. 790, eff. April 1, 1959) which, in pertinent part, provides: “ Upon the occurrence of a vacancy in any position in the exempt class ” the State Civil Service Commission “ shall study and evaluate such position *256 and, within four months after the occurrence of such vacancy, shall determine whether such position, as then constituted, is properly classified in the exempt class. Pending such determination, said position shall not be filled except on a temporary, basis ”.
Here, under the undisputed fact pattern, the commission not only made the study and evaluation of the exempt position but made its recommendation to reclassify the position within four months after the occurrence of a vacancy.
As we read the plain statutory language, the limitation on the temporary filling of the vacancy was ‘ ‘ Pending such determination ”. The resolution recommending reclassification did not of itself accomplish any change, and could not until made effective by the approval of the Governor.
When subdivision 2 of section 41 of the Civil Service Law is read in light of section 6, it may not reasonably be said that the Legislature intended to restrict the making of exempt class appointments to the uncertainty and indefiniteness of subsequent gubernatorial approval. It is more likely they intended that, in the meantime, such positions could lawfully be filled permanently. The filling of the positions in the exempt class is as much the duty of the commission as the making of a determination resulting from a study. As was quite properly pointed out in the courts below, the appointing authority was neither precluded nor estopped from making exempt class appointments except for the limited period pending determination of its studies. Under the circumstances of this case the interpretation and application given the statute by the commission is neither unreasonable nor unlawful.
The order appealed from should be affirmed, without costs.